1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUDY RAND,                                No.  2:15-cv-1177 WBS CKD

12              Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    CAROLYN W. COLVIN,
      Acting Commissioner of Social Security,

15
                Defendant.
16

17

18         Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act

19    (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court.  Plaintiff seeks fees in the amount of

20    $6,679.41 based on 35.28 hours at the rate of $190.28 per hour for attorney time.[1]  Defendant

21    contends that not all of the hours claimed are reasonable.  In addition, defendant contends any fee

22    that is awarded must be made payable to the plaintiff.[2]

23         The EAJA provides that the prevailing party in a civil action against the United States

24    may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the

---

[1]  The amount of hours claimed at the rate of $190.28, (the statutory maximum rate under the Equal Access to Justice Act) would result in a fee award of $6,713.08.  Plaintiff's counsel does not explain this discrepancy.

[2]  Defendant's contention on this point is well taken under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 591 (2010).

1

1   action.  An applicant for Social Security benefits receiving a remand under sentence four of 42

2   U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in

3   obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the

4   matter was remanded under sentence four pursuant to the stipulation of the parties.  ECF No. 20.

5   Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award

6   unless it finds that the position of the United States was substantially justified.  Flores v. Shalala,

7   49 F.3d 562, 568-69 (9th Cir. 1995).  Because defendant does not contest this issue, the court

8   turns to the reasonableness of the requested fee.

9        The EAJA directs the court to award a reasonable fee.  In determining whether a fee is

10  reasonable, the court considers the hours expended, the reasonable hourly rate, and the results

11  obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S.

12  424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant does not contest the hourly

13  rate claimed but contends that the court should not award fees for 6.55 hours spent on summaries

14  of the record before drafting the summary of the administrative hearing and medical evidence

15  incorporated into the brief on the motion for summary judgment.[3]  The billing records submitted

16  by counsel indicate that 5.52 hours were expended by counsel in drafting the summaries.  In this

17  court's experience, a total of 12.07 hours spent in reviewing the administrative transcript,

18  summarizing the contents, and drafting the summary for incorporation into a brief is well within

19  the bounds of reasonableness.  That is particularly so here in light of the well-drafted motion for

20  summary judgment, which included 10 pages of summary out of an18 page brief.  ECF No. 16.

21  The court finds no redundancy in the efforts of plaintiff's counsel to properly advance the

22  interests of his client.  The court will therefore recommend that no reduction in the amount of fees

23  claimed be made.

24        Accordingly, IT IS HEREBY RECOMMENDED that that fees pursuant to the EAJA be

25  awarded to plaintiff in the amount of $6,679.41.

26  /////

27

28  _____
    [3]  Such summary is required under the court's scheduling order.

1        These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3   after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

6   within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

7   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8   Dated:  March 30, 2016

9                                                        _____
                                                         CAROLYN K. DELANEY
10                                                       UNITED STATES MAGISTRATE JUDGE

11

12   4 rand1177.ss.eaja

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3